# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAQUAY PERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-cv-800-RAH |
| | ) | (WO) |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant United States Department of Education's (DOE) Motion to Dismiss (Doc. 20), which seeks dismissal of Plaintiff's two Fair Credit Reporting Act (FCRA) claims (Counts I and II), *see* 15 U.S.C. §§ 1681n–1681o, for money damages asserted against the DOE due to lack of subject matter jurisdiction. Specifically, the DOE claims that there has been no waiver of sovereign immunity under the general civil enforcement provisions of FCRA. As a federal agency, the DOE continues, it enjoys immunity from FCRA claims asserted here.

To begin, it is, by now, axiomatic that "sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The DOE, as a federal agency, thus enjoys a presumption of immunity

from the present lawsuit. *Id.* Indeed, "the existence of consent"—which may be expressed by an unequivocal waiver of sovereign immunity in the statutory text—"is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

There is no guidance from the Eleventh Circuit on whether FCRA does, in fact, waive the United States' sovereign immunity, and there is no consensus among the appellate courts that have considered the issue, leading to a split in the Fourth, Seventh, and Ninth Circuits. *Compare Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 802-03 (4th Cir. 2019) (finding FCRA does not waive sovereign immunity) *and Daniel v. Nat'l Park Serv.*, 891 F.3d 762 (9th Cir. 2018) (same) *with Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014) (finding FCRA waives sovereign immunity). More, there is also a split among district courts. *See, e.g., Russ v. United States Dep't of Educ.*, 364 F. Supp. 3d 1009, 1016 (D. Neb. 2018) (finding no waiver); *Stein v. United States Dep't of Educ.*, 450 F. Supp. 3d 273, 277 (E.D.N.Y. 2020) (finding no waiver); *Golden v. Hood*, Case No. 4:20-cv-4052, 2020 WL 7321072, at *3 (W.D. Ark. Dec. 11, 2020) (finding no waiver); *Stellick v. U.S. Dept. of Educ.*, Case No. 11-CV-0730, 2013 WL 673856, at *3 (D. Minn. Feb. 25, 2013) (finding no waiver); *Gillert v. U.S. Dept. of Educ.*, Case No. CV-08-6080, 2010 WL 3582945, at *3 (W.D. Ark. Sept. 7, 2010) (finding no waiver); *Dumas v. GC Servs., L.P.*, Case No. CV-18-12992, 2019 WL 529260, at *3 (E.D. Mich. Feb.

11, 2019) (finding no waiver); *Mooneyham v. Equifax Info. Servs.*, *LLC*, 99 F. Supp. 3d 720, 726 (W.D. Ky. 2015) (finding waiver); *Kent v. Trans Union, LLC*, Case No. 4:16-CV-322-A, 2017 WL 3701861, at *2 (N.D. Tex. Aug. 25, 2017) (finding waiver); *Ingram v. Experian Info. Sols., Inc.*, Case No. 3:16-CV-00210-NBB-RP, 2017 WL 2507694, at *3 (N.D. Miss. June 9, 2017) (finding waiver); *Bowers v. Navient Sols., LLC*, Case No. 2:18-CV-166-MHT, 2018 WL 7568368, at *5 (M.D. Ala. Dec. 27, 2018), *report and recommendation adopted*, 2019 WL 2754482 (M.D. Ala. July 1, 2019) (D. Baker, Mag. J.) (finding waiver).

Merely counting numbers, the prevailing view appears to support the DOE's position, especially as it concerns those courts that have considered the issue more recently. And after having carefully considered the issue and the parties' respective briefs, this court agrees with the Fourth and Ninth Circuits. FCRA does not unambiguously and unequivocally waive the United States' sovereign immunity, and therefore the Plaintiff's FCRA claims are barred.

Particular to the issue currently before the court, Plaintiff Jaquay Person claims that the DOE negligently and willfully failed to correct erroneous tradeline entries of an educational loan. After she unsuccessfully sought correction of the reporting, she filed suit against the DOE seeking damages for violations of FCRA under 15 U.S.C. §§ 1681n–1681o.

Under FCRA's general civil enforcement provisions, "[a]ny person" who

willfully or negligently fails "to comply with any requirement imposed under [§ 1681 *et seq.*] is liable to [the] consumer" for damages. 15 U.S.C. §§ 1681n–1681o. The statute defines "person" to include "any . . . government or governmental subdivision or agency." § 1681a(b). Accordingly, resolution of whether FCRA waives federal sovereign immunity turns on the meaning of "person" as used in the statute.

The DOE moved to dismiss Person's Complaint, asserting federal sovereign immunity. Relying on the interpretive presumption that "'person' does not include the sovereign," *see Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000), and the results that would follow if FCRA was interpreted to waive sovereign immunity, the DOE aligns itself with the logic of the Fourth and Ninth Circuits, concluding that, despite the statutory definition, FCRA could plausibly read the word "person" to exclude federal government agencies such as the DOE.

True, FCRA defines "person" as including a "government or governmental subdivision or agency[.]" 15 U.S.C. § 1681a(b). However, this definition "does not specifically mention the United States, the federal government," or the DOE, *Robinson*, 917 F.3d at 803, and "[g]enerally, when Congress intends to include a waiver of sovereign immunity in a statute, Congress includes the words 'United States' in the waiver," *Stein*, 450 F.Supp. 3d at 277.

Reading "person" as used in FCRA to include the federal government additionally "leads to implausible results," *Daniel*, 891 F.3d at 770, most concerningly in that it would both authorize the government to bring criminal proceedings against itself and empower federal agencies and state governments to pursue civil enforcement actions against the United States, *see id.* at 770-71. This scheme would be unprecedented, and it is doubtful "that Congress meant to build a novel enforcement regime without doing so explicitly." *Id.* at 771 (noting that "[t]he spectre of the Federal Trade Commission suing the United States, aka itself, to recover a civil penalty from itself makes little sense." (quotation omitted)).

More importantly, there is an express waiver of federal sovereign immunity in a separate provision of FCRA. *See* 15 U.S.C. § 1681u(j) ("Any agency or department of the United States obtaining or disclosing any consumer reports, records, or information contained therein in violation of this section is liable to the consumer" for statutory and actual damages, and, "if the violation is found to have been willful or intentional, such punitive damages as a court may allow."). "Because Congress knew how to explicitly waive sovereign immunity in FCRA, it could have used that same language when enacting subsequent enforcement provisions." *Daniel*, 891 F.3d at 772.

In short, the mere fact that a statute can be plausibly read to contain a waiver of sovereign immunity is insufficient. Rather, sovereign immunity "can only be

5

waived by statutory text that is unambiguous and unequivocal." *Robinson*, 917 F.3d at 802; *see also Cudjoe ex rel.Cudjoe v. Dep't of Veterans Affairs*, 462 F.3d 241, 247 (3d Cir. 2005) ("Language subject to varying interpretations will not be construed as a waiver.") (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37 (1992)); *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) ("Any ambiguities in the statutory language are to be construed in favor of immunity[.]"). Because FCRA does not contain such an unambiguous and unequivocal waiver of sovereign immunity with respect to the claims asserted in this case, the court lacks subject matter jurisdiction over the FCRA claims against the DOE.

Accordingly, it is

ORDERED as follows:

(1) The DOE's Motion to Dismiss (Doc. 20) is GRANTED;

(2) Counts I and II are dismissed without prejudice; and

(3) The DOE is dismissed as a defendant in this action.

DONE, on this the 8th day of July, 2021.

                                            /s/ R. Austin Huffaker, Jr.
                                    UNITED STATES DISTRICT JUDGE